IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kathleen Gerald, | ) |
| | ) C/A No.: 4:23-6040-SAL-KDW |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER AND NOTICE |
| | ) |
| North Carolina Dept. of Health; North Carolina Vital Records; Atrium Health University Hos.; Gethsemane Cemetery and Memorial; and Wells Fargo, | ) |
| | ) |
| Defendants. | ) |

Kathleen Gerald ("Plaintiff"), proceeding pro se, filed this action alleging Defendants North Carolina Department of Health, North Carolina Vital Records, Atrium Health University Hospital, Gethsemane Cemetery and Memorial, and Wells Fargo violated her civil rights. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.    Factual and Procedural Background

Plaintiff states in November 2023 she contacted Wells Fargo and requested that Twanna Lattimore be removed from her bank accounts, but her requests were denied. ECF No. 1 at 4. Plaintiff says she then contacted Ralph L. McMillan Law Office and requested that Ms. Lattimore be removed from the estate of her mother, Clara McGrier, but her request was denied because Ms. Lattimore was properly on the estate according to the death certificate. *Id.* Plaintiff states she explained to the law office that her birth certificate would prove Plaintiff was the daughter, and the attorney told Plaintiff she would need to have the court issue an order to remove Ms. Lattimore

from the estate of her mother. *Id.* Plaintiff alleges she then contacted Gethsemane Cemetery and Memorial Services about the invalid death certificate, and no one has returned her calls. *Id.* at 4–5. Plaintiff says she then contacted Atrium Health University Hospital and asked how Ms. Lattimore's name got on her mother's death certificate, and they told Plaintiff they understood her concerns, and they would call her back. *Id.* Plaintiff claims no one called her back. *Id.* Plaintiff then states she contacted Vital Records about her concerns, and says she was told if the certificate of death contained fraud, then it is not valid. *Id.* Plaintiff states she was told she would need a court order to void the original certificate and issue a new one. *Id.*

II.     Discussion

   A.     Standard of Review

Plaintiff filed her Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).

The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and *Bivens*[1] alleging Defendants violated her Fourteenth Amendment and civil rights when they committed fraud on her mother's death certificate. ECF No. 1 at 3–6. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person

---

[1] In order to bring a *Bivens* claim, the plaintiff must allege that the defendants (1) are federal agents (2) who violated plaintiff's constitutional rights (3) while acting under the color of federal law. S*ee Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 391–92 (1999). None of the Defendants named in Plaintiff's complaint are federal officials, therefore, *Bivens* is not applicable to her claims.

acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff's claims of constitutional violations by Atrium Health University Hospital, Gethsemane Cemetery and Memorial, and Wells Fargo must be dismissed because these Defendants are not state actors and cannot have acted under the color of state law. Purely private conduct such as that alleged against these Defendants, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under the Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982); *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 721 (1961). Although the North Carolina Department of Health and North Carolina Vital Records may be subject to suit pursuant to § 1983, Plaintiff has failed to allege sufficient factual allegations to show that any actions or inactions taken by the North Carolina Department of Health and North Carolina Vital Records violated her constitutional rights. The undersigned recommends Plaintiff's claims against all Defendants be summarily dismissed.

NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in her Complaint by filing an amended complaint by January 10, 2024, along with any appropriate service documents. An amended complaint should contain allegations of specific acts or omissions by the defendants. Plaintiff is reminded that an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails

to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims be dismissed without leave for further amendment.

    IT IS SO ORDERED.

December 27, 2023　　　　　　　　　　　　　　Kaymani D. West
Florence, South Carolina　　　　　　　　　　　United States Magistrate Judge